[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 12, 2006
THOMAS K. KAHN
CLERK

No. 06-11349
Non-Argument Calendar

_____

D. C. Docket No. 05-60414-CV-JEM

M. ELAINE SCHULZE,
RICHARD SCHULZE,
PLAYCARE AT VICTORIA PARK INC.,
a Florida corporation,

Plaintiffs-Appellants,

versus

BROWARD COUNTY BOARD OF COUNTY COMMISSIONERS,
Child Care Licensing and Enforcement Section,
SHAWN LAMARCHE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 12, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Pursuant to 42 U.S.C. § 1983, M. Eliane Schulze and Richard Schulze brought suit against Broward County, alleging that inspection and regulation of their daycare facility injured their "business reputational property interests, including goodwill, without due process of law." The Schulzes also raised claims of defamation and fraud under Florida state law, and they requested an injunction under the Declaratory Relief Act, 28 U.S.C. § 2201-02. The suit arose from Broward County's monitoring, enforcement, and public reporting actions against the Schulzes' daycare center, and the County's threat to issue a citation if the center fails to comply with an ordinance requiring water fountains at such facilities.

The district court ruled that the Schulzes failed to state a claim under § 1983 pursuant to Paul v. Davis, 424 U.S. 693 (1976) and Cypress Ins. Co. V. Clark, 144 F.3d 1435 (11th Cir. 1995), which held that allegations of injury to reputation cannot in themselves support a § 1983 due process challenge, and therefore must be accompanied by some other constitutionally recognized injury. Cypress, 133 F.3d at 1174. The district court dismissed all of plaintiffs' complaint, explaining that in the absence of a legitimate cause of action under § 1983, it lacked jurisdiction over the Schulzes' state law claims and their request for injunctive relief.

The central issue in this appeal, then, is whether the district court correctly

construed our holding in Cypress to bar the Schulzes' § 1983 claim that Defendants "injured [their] business reputational property interests, including goodwill, without due process of law." The Schulzes argue that their claim is valid under Marrero v. City of Hialeah, 625 F.2d 499 (5th Cir. 1980), where we recognized that

> Paul simply holds that no liberty or property interest is infringed when the only loss suffered at the hands of the government is damages to personal reputation *if personal reputation is not recognized by the relevant state law as a liberty or property interest. . . .* The Supreme Court acknowledged in Paul that had state law extended to Davis 'any legal guarantee of present enjoyment of reputation, the defamation alone, without deprivation of any other interest, would be actionable under § 1983. *Athough Florida law may not recognize personal reputation as a liberty or property interest, it does recognize business reputation, at least to the extent it approximates goodwill, as a property interest. . . . Since that interest is a protected property interest under Florida law, Florida may not deprive appellants of that interest without due process of law.*

> Id. at 514-15 (emphasis added).

Noting that "[t]he Marrero decision has resulted in some confusion regarding the extent of § 1983 in this Circuit," we acknowledged in Cypress that "Florida law recognizes a property interest in business reputation, and that this state-created property right is protected by the Due Process Clause." Cypress, 144 F.3d at 1437. But we emphasized that, in Marrero itself, "the state not only defamed the plaintiff's business, but also deprived the plaintiff of more tangible property interests: the Hialeah Police Department illegally seized most of the plaintiff's inventory in

3

violation of the Fourth Amendment." Id. (emphasis added). Thus we clarified that "although injury to business [goodwill] may be *relevant* to damages in a § 1983 action, these damages would only be available in a case involving the deprivation of a *more* tangible liberty or property right." Id. (emphasis added).

As the district court recognized, the Schulzes ultimately take issue with this Circuit's decision in Cypress.[1] But it is Cypress, unqualified and untarnished by any subsequent caselaw, which most directly controls this case. Therefore the district court properly dismissed the Schulzes' § 1983 action for failure to state a claim. And because the Schulzes' other claims depended upon the viability of their § 1983 suit, dismissal of the rest of the complaint is similarly **AFFIRMED.**

---

[1] Plaintiffs admitted as much in a memorandum, filed in the district court, arguing that "Cypress just does not interpret Siegert or Marrero correctly."